SEDGWICK, DETERT, MORAN & ARNOLD LLP
RANDALL G. BLOCK (Cal. Bar No. 121330)
KEVIN HUGHEY  (Bar No. 197323)
One Embarcadero Center, 16th Floor
San Francisco, California 94111-3628
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
RCN Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RCN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL E. ALLRED, an individual,<br><br>Defendant. | CASE NO. 04-02645 PJH ARB<br><br>**RCN CORPORATION'S *EX PARTE* APPLICATION FOR TEMPORARY PROTECTIVE ORDER**<br><br>Judge:  Honorable Phyllis J. Hamilton<br>Dept.:  Courtroom 3<br>Date:<br>Time: |

## APPLICATION FOR TEMPORARY PROTECTIVE ORDER

Pursuant to California Code of Civil Procedure sections 525, *et seq.*,[1] and Civil Local Rule 7-10, plaintiff RCN Corporation ("RCN") hereby applies *ex parte* for a temporary protective order prohibiting defendant Michael E. Allred ("Allred") from expending, transferring or concealing any monies or assets pending the outcome of a hearing on RCN's motion for writ of attachment. RCN's motion for writ of attachment currently is set to be heard by the Court on September 8, 2004.

---

[1] RCN's underlying complaint for damages is before this Court based upon diversity jurisdiction.

1    This application is based upon the provisions of sections 525, *et seq.*, the

2    following points and authorities and the declarations of Thomas Spike and Kelly T. Nugent in

3    support of RCN's attachment motion and instant application, all submitted herewith.

### STATEMENT OF ISSUE TO BE DECIDED

5    Whether, based upon Allred's admitted theft of $724,424.56 from RCN and his

6    obligation – but refusal – to make complete restitution for the outstanding balance of

7    $458,453.72, RCN is entitled to a temporary protective order prohibiting Allred from expending,

8    transferring or concealing any monies or assets pending the outcome of a hearing on RCN's

9    motion for writ of attachment.

### POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION

11   **I.    INTRODUCTION**

12   *Allred has admitted in writing that he stole $724,424.56 from RCN*, and he has

13   made restitution of only a portion of that amount – *he still owes RCN $458,453.72 but refuses to*

14   *pay.* On May 13, 2004, Allred received $354,468.78. He informed RCN that he intends to use

15   the funds for purposes other than restitution and that he has no other resources from which

16

17   restitution may be made. *The $354,468.78 Allred now possesses appears to be RCN's only*

18   *hope for recovery.*

19   **II.   PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

20   Allred, an individual formerly employed by RCN, is incarcerated in Pelican Bay

21   Penitentiary for embezzling $724,424.56 from RCN. From July 2001 to October 2003, Allred

22

23   fraudulently converted 40 checks totaling $724,424.56. (Declaration of Thomas Spike in support

24   of attachment motion and TPO application ("Spike Decl."), submitted herewith.)

25   Allred was arrested, charged and sentenced, pleading guilty on March 9, 2004 to

26   three counts of fraud. (Spike Decl., ¶ 4.) As part of a plea agreement, Allred provided a written

27   statement admitting his theft of $724,424.56 from RCN. (A true and correct copy of the Allred

**SEDGWICK** 28
DETERT, MORAN & ARNOLD LLP

1    admission statement is attached as Exhibit C to the Spike Decl.)

2          At sentencing, the court indicated that if Allred made restitution to RCN of

3    Allred's available assets and cooperated fully with the authorities' ongoing investigation, his

4    sentence might be reduced to two years. (Spike Decl., ¶ 4.) On March 15, 2004, as partial

5

6    restitution, Allred conveyed to RCN the funds available to him at that time, which totaled

7    $265,970.84. *Id.  Allred still owes RCN $458,453.72.  Id.*

8          RCN, on its own and by and through counsel, had several discussions with

9    Allred's criminal counsel respecting further restitution. (Spike Decl., ¶ 5; Declaration of Kelly

10   T. Nugent in support of attachment motion and TPO application ("Nugent Decl."), submitted

11   herewith, ¶ 4.) Allred, by and through his criminal counsel, represented to RCN that Allred

12   intended to sell his Pleasanton, California home – *which Allred purchased in whole or part with*

13

14   *the funds stolen from RCN* –, that he expected to receive in excess of $200,000 in equity from

15   the sale, and that he would convey to RCN any such equity received from the sale. (Spike Decl.,

16   ¶ 5; Nugent Decl., ¶ 4.) RCN is informed and believes and thereon alleges that on May 13, 2004,

17   the sale of Allred's home became final and Allred received $354,468.78 in equity from the sale.

18   (Spike Decl., ¶ 5; Nugent Decl., ¶ 4.)

19

20         On May 14, 2004, Allred, by and through his criminal counsel, informed RCN for

21   the first time that Allred had outstanding tax liabilities in connection with the embezzled funds

22   and that such liabilities totaled $327,801, exclusive of interest and penalties. (Spike Decl., ¶ 5;

23   Nugent Decl., ¶ 4.) Allred asserted that he could not make any further restitution to RCN from

24   the proceeds received from the sale of his home. (Nugent Decl., ¶ 4.) He claims he has no other

25   assets from which restitution may be effected in whole or in part. *Id.*

26

27         On June 30, 2004, RCN filed a complaint against Allred seeking damages for

28   Allred's admitted fraudulent and criminal conduct. On July 13, 2004, a summons and the

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    complaint were sent to the Pelican Bay Litigation Coordinator for service on Allred.

2         On July 14, 2004, as part of RCN's earlier *ex parte* application for writ of

3    attachment previously considered by the Court, RCN posted a bond for the $10,000 undertaking

4    required for attachment by Code section 489.210, *et seq.*  The bond remains valid and effective.

5

6    **III.    *EX PARTE* RELIEF IS APPROPRIATE**

7         Under California Code of Civil Procedure section 525, *et seq.*,[2] *ex parte* relief is

8    appropriate where great or irreparable injury will result to RCN before its attachment motion can

9    be heard. Cal. Civ. Proc. Code § 527(c)(1).  Great or irreparable injury will result where, under

10   the circumstances of the case, it is understood or may be inferred that there is a danger the

11   property sought to be attached will be concealed or substantially impaired.

12

13        RCN seeks the instant TPO *ex parte* because of the very high likelihood that, prior

14   to the September 8 hearing on RCN's attachment motion, Allred will expend, transfer or secrete

15   away monies or assets which rightfully should be used to make RCN whole, the $354,468.78

16   Allred recently received in particular. ***Under his plea agreement with the criminal court, Allred***

17   ***represented that he would make restitution to RCN and cooperate fully.***  Notwithstanding, now

18   that he has been sentenced under the plea agreement, he informs RCN of his intention to make no

19   further restitution; he has stated his intention to use the $354,468.78 for other purposes.

20

21        Allred claims he has no other assets or resources with which he may use to make

22   restitution. The $354,468.78 in question represents the sole source from which RCN may hope

23   to recover any portion of the $458,453.72 still owed by Allred.  RCN will suffer great and

24   irreparable injury should Allred expend, transfer or secrete away the funds.  A TPO prohibiting

25   same pending a hearing on RCN's attachment motion is therefore necessary and appropriate.

26

27

---

[2] Code of Civil Procedure section 527(c) is virtually identical to Rule 65(b) of the Federal Rules of Civil Procedure.

**SEDGWICK** 28
DETERT, MORAN & ARNOLD LLP

1    Given the above, there is more than adequate evidence supporting the Court's

2    granting of the requested relief *ex parte*.

3    **IV.    RCN IS LIKELY TO PREVAIL ON ITS ATTACHMENT MOTION AND**

4    **UNDERLYING COMPLAINT – ALLRED ADMITS STEALING FROM RCN**
     **AND HIS OBLIGATION TO MAKE RESTITUTION.**

5

6    **A.    RCN is Entitled to Recover Against Allred Under the Express Terms of**
     **RCN's Criminal Conduct Policy, which Allred Agreed to in Writing and**

7    **Subsequently Breached.**

8    RCN has in place a "criminal conduct" corporate policy which expressly prohibits

9    certain employee conduct.  (A true and correct copy of the criminal conduct policy is attached as

10   Exhibit A to the Spike Decl.)  The RCN policy provides in pertinent part as follows: "No

11   employee shall knowingly . . . engage in fraud or embezzlement affecting [RCN] property, funds,

12   securities or other assets."  Criminal Conduct Policy, Section B(3).  The policy also states that

13   "[n]o employee shall knowingly . . . remove property, materials or monies belonging to [RCN] . .

14   . for personal gain [or] personal use.  *Id.*

15

16   On August 17, 2000, Allred consented in writing to be bound by RCN's criminal

17   conduct policy.  (A true and correct copy of Allred's signed consent form is attached as Exhibit B

18   to the Spike Decl.)  Allred admits breaching his agreement with RCN by committing fraud and

19   embezzling $724,424.56 from RCN and by concealing his fraudulent conduct.

20

21   **B.    RCN is Entitled to Recover Against Allred Based on its Conversion and**
     **Embezzlement Causes of Action.**

22

23   Conversion is considered a breach of an implied contract to repay the party whose

24   property was converted.  *Klein v. Benaron* (1967) 247 Cal.App.2d 607, 610.  Concerning RCN's

25   embezzlement claim, embezzlement is a form of conversion and, therefore, also may be

26   considered a breach of an implied contract to repay stolen monies.  In addition, Civil Code

27   section 2224 imposes on Allred duties of a constructive trustee with respect to the monies Allred

28   stole from RCN.  As such, the conversion and embezzlement causes of action are separate and

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

APPLICATION FOR TEMPORARY PROTECTIVE ORDER

1  independent bases on which a writ of attachment may issue.

2      As described above, Allred admits that he knowingly and unlawfully converted 40

3  checks payable to RCN and thereby embezzled $724,424.56. He admits using the monies for his

4  own personal gain and benefit.

5      For all the reasons set forth above, RCN is likely to prevail on its attachment

6  motion and underlying complaint against Allred.

7

8  **V.     CONCLUSION**

9      RCN is virtually certain to obtain a judgment against Allred on RCN's underlying

10 complaint for damages and is likely to prevail on its attachment motion. Allred admits he stole

11 $724,424.56 from RCN and he has already pled guilty and been sentenced on criminal charges

12 stemming from the thefts. Allred admits his obligation to make restitution to RCN but claims

13 lack of resources to make complete restitution, notwithstanding the fact that he recently received

14 $354,468.78. RCN believes Allred may have secreted away other assets which could be used to

15 satisfy his restitutionary obligations to RCN.

16     RCN respectfully requests a temporary protective order prohibiting Allred from

17 expending, transferring or concealing any monies, the $354,468.78 he received from the sale of

18 his Pleasanton home in particular, or assets pending the noticed hearing on RCN's motion for

19 writ of attachment.

20

21

22

23 DATED: July 22, 2004          SEDGWICK, DETERT, MORAN & ARNOLD LLP

24

25

26 By: _____
                                       RANDALL G. BLOCK
                                       KEVIN HUGHEY
27                                     Attorneys for Plaintiff RCN Corporation

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP