SEDGWICK, DETERT, MORAN & ARNOLD LLP
RANDALL G. BLOCK (Bar No. 121330)
KEVIN HUGHEY (Bar No. 197323)
One Embarcadero Center, 16th Floor
San Francisco, California 94111-3628
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
RCN Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RCN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL E. ALLRED, an individual,<br><br>Defendant. | CASE NO. 04-02645 PJH ARB<br><br>[PROPOSED] ORDER GRANTING RCN CORPORATION'S *EX PARTE* APPLICATION FOR TEMPORARY PROTECTIVE ORDER<br><br>Judge: Honorable Phyllis J. Hamilton<br>Dept.: Courtroom 3, 17th Floor<br>Date:<br>Time: |

Pursuant to California Code of Civil Procedure sections 525, *et seq.*,[1] and Civil Local Rule 7-10, upon plaintiff RCN Corporation's *ex parte* application for temporary protective order pending a hearing on its motion for writ of attachment, with such motion currently set to be heard by the Court on September 8, 2004, the points and authorities cited therein and declarations in support thereof,

---

[1] RCN's underlying complaint for damages is before this Court based upon diversity jurisdiction.

**THE COURT FINDS AS FOLLOWS:**

1. Defendant Michael E. Allred ("Allred"), is a natural person;

2. The claims upon which RCN's application is based are ones upon which a temporary protective order may be issued;

3. RCN has established the probable validity of the claims upon which the application is based;

4. The temporary protective order is not sought for a purpose other than the recovery on the claims upon which the application and attachment motion are based;

5. The amount to be secured by the application and attachment motion ($458,453.72) is greater than $500;

6. The property described in RCN's application is not exempt from attachment;

7. Plaintiff has posted a bond for the $10,000 undertaking required by Code of Civil Procedure section 489.210;

8. The property subject to the following order is as follows: All Allred property for which a method of levy is provided by Code of Civil Procedure sections 488.300 *et seq.*, including but not limited to, cash, real property, accounts receivable, general intangibles, equipment, licenses, patents, inventory, chattel paper, and securities, limited only by the provisions of Code of Civil Procedure section 486.060(b).

9. Great or irreparable injury will result to RCN if issuance of the order is delayed until the matter can be heard on notice. There is a danger that Allred's property will be expended, transferred, concealed, substantially impaired in value or made unavailable to levy by other than concealment or substantial impairment in value.

It appearing and the Court determining that RCN is entitled to the relief requested and that the granting of such relief *ex parte* is warranted and appropriate, and good cause appearing therefore,

**THE COURT ORDERS AS FOLLOWS:**

Pending a hearing on RCN's motion for writ of attachment, Allred shall not expend, transfer or conceal, directly or indirectly, any property and/or interest in the property described in paragraph 8 of the above findings.

**NOTICE TO DEFENDANT:** Failure to comply with this order may subject you to arrest and punishment for contempt of Court.

Dated: _____          _____
                                                                    U.S. District Court Judge